DECISION
Appellant, Karen M. Jessee, was indicted for one count of forgery, a violation of R.C. 2913.31, and one count of possession of criminal tools, a violation of R.C. 2923.24. The indictments arose out of an incident on November 8, 1997, in which appellant presented a check to be cashed at the Family Market. The owner of the market testified that he cashed the check for $291.11 when appellant presented her driver's license. The check was returned for insufficient funds because the account had been closed on July 23, 1997.
After appellant was arrested, a police detective interviewed her. The detective testified that appellant admitted she "stole" the check from out of her boyfriend's van. (Tr. 135.) The check belonged to his mother, Cynthia Yoho. Appellant took the check to the library, typed in her name as the payee, and then took the check to the Family Market and endorsed it. During the trial, a police handwriting expert testified that, in his opinion, appellant signed her name and social security number as the endorser of the check but he was unable to determine if she had signed the check as the maker. The scribbled signature line appears to read Cynthia Yoho.
Appellant was found guilty of both counts of the indictment. The trial court sentenced appellant to two years of community control under intensive supervision, and ordered her to pay restitution of $291.11 and supervision fees of $60. Appellant filed a timely notice of appeal and raises the following assignments of error:
ASSIGNMENT OF ERROR I
 THE CONVICTION FOR FORGERY AND POSSESSION OF CRIMINAL TOOLS WAS BASED UPON INSUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR II
 THE COURT COMMITS REVERSIBLE ERROR BY ADMITTING STATEMENTS OF THE DEFENDANT WHOSE PREJUDICIAL EFFECT IS NOT OUTWEIGHED BY ITS RELEVANCE, IN VIOLATION OF EVID.R. 403(A) THEREBY VIOLATING THE DEFENDANT'S RIGHT TO A FAIR TRIAL UNDER THE STATE AND FEDERAL CONSTITUTIONS.
By the first assignment of error, appellant contends that the convictions of forgery and possession of criminal tools are based upon insufficient evidence and are against the manifest weight of the evidence. The standard of review for sufficiency of the evidence is if, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v. Thompkins
(1997), 78 Ohio St.3d 380, 386.
The test for determining whether a conviction is against the manifest weight of the evidence differs somewhat from the test as to whether there is sufficient evidence to support the conviction. With respect to manifest weight, the evidence is not construed most strongly in favor of the prosecution, but the court engages in a limited weighing of the evidence to determine whether there is sufficient competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. See State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported (1993 Opinions 5437).
 * * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence
sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' (Emphasis added.) Black's [Law Dictionary (6 Ed. 1990)] at 1594). [Thompkins, at 387.]
Appellant contends that the prosecution failed to present evidence concerning all the elements of the offense of forgery. Appellant argues that the prosecution failed to present evidence that she had the intent to defraud since there was no evidence that appellant was aware that the account had been closed and there was no evidence that Cynthia Yoho did not authorize appellant to write the check.
R.C. 2913.31(A) provides the elements of the offense of forgery, as follows:
 (A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
 (1) Forge any writing of another without the other person's authority;
 (2) Forge any writing so that it purports to be genuine when it actually is spurious, or to be the act of another who did not authorize that act, or to have been executed at a time or place or with terms different from what in fact was the case, or to be a copy of an original when no such original existed;
 (3) Utter, or possess with purpose to utter, any writing that the person knows to have been forged.
The trial court instructed the jury as follows:
 * * * Before you can find the defendant guilty of forgery, you must find beyond a reasonable doubt that on or about the 8th day of November, 1997, and in Franklin County, Ohio, the defendant with purpose to defraud, or knowing that she was facilitating a fraud, forged a writing, to wit, check number 1131 on the checking account of Cynthia Yoho, did write the face and/or did endorse the check for the amount of $291.11, so that it purported to be genuine when it was actually spurious, and/or that the defendant did utter or possess with purpose to utter a writing, to wit, check number 1131 belonging to the checking account of Cynthia Yoho, made payable to Karen Jessee, for the amount of $291.11, which she knew to have been forged. [Tr. 198-199.]
The prosecution did, however, provide evidence as to all the elements of the offense. Given the fact that the account had been closed, it is unlikely that Cynthia Yoho authorized appellant to redeem the check. Also, it is sufficient to constitute forgery that appellant admitted the checks were stolen and then typed her name as payee and presented the check to be paid. The elements of forgery only require that appellant forge a writing so that it appears genuine or utter any writing that appellant knows to be forged. "Utter" is defined in R.C. 2913.01(H) as: "[T]o issue, publish, transfer, use, put or send into circulation, deliver, or display." Appellant did both in this case. Thus, there is sufficient evidence for any rational trier of fact to have found the essential elements of forgery proven beyond a reasonable doubt and there is sufficient competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt as to forgery beyond a reasonable doubt.
R.C. 2923.24 provides the elements of possession of criminal tools as follows:
 (A) No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally.
The evidence provided that appellant presented the check at the Family Market to be cashed. Since we have found that there was sufficient evidence to support her conviction of forgery, there is also evidence that appellant possessed the check with the purpose to use it criminally. Appellant's first assignment of error is not well-taken.
By the second assignment of error, appellant contends that the trial court erred by admitting her statement that she "stole" the check from her boyfriend's van. (Tr. 135.) Appellant argues that the prejudicial effect of the word outweighed its probative value and should have been excluded pursuant to Evid.R. 403(A).
In this case, appellant filed a motion to suppress her statement. After a hearing, the trial court determined that appellant voluntarily waived her rights and gave a statement to the police officer. We find no error in that determination.
The trial court has broad discretion in the admission or exclusion of evidence and, in the absence of an abuse of discretion which results in material prejudice to a defendant, an appellate court should be slow to reverse evidentiary rulings.Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evid.R. 401. Evid.R. 402 provides that all relevant evidence is admissible. Even if the evidence is relevant, it must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, misleading the jury or confusion of the issues. Evid.R. 403(A);State v. Whiteside (Mar. 12, 1996), Franklin App. No. 95APA08-1092, unreported, at 3. In this case, the probative value is not substantially outweighed by such dangers.
Appellant also argues that the trial court should have excluded the evidence because there was no evidence of a corpusdelicti as a foundation for admitting her confession. In State v.Van Hook (1988), 39 Ohio St.3d 256, 261-262, the Supreme Court of Ohio stated that, before an out-of-court confession will be admitted, the corpus delicti must be established by evidence outside the confession; however, the prosecution needs only some evidence outside the confession that tends to prove some material element of the crime. The proof need not rise to the level of a prima facie case. The prosecution in this case did provide evidence that appellant had presented the check to be cashed, and she signed her name and social security number on the check. That evidence qualifies as "some" evidence outside of the confession. The admission was crucial to the prosecution's case and the trial court did not abuse its discretion in finding that its probative value was not outweighed by its prejudicial effect. Appellant's second assignment of error is not well-taken.
For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.